IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ALLEN BRADSHAW, | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 1:07-CV-0150-C |
| | § | ECF |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**THIS CASE** is before the court upon Plaintiff's complaint filed on August 13, 2007, and his amended complaint filed October 3, 2007, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits and for supplemental security income ("SSI") benefits under Title II and Title XVI of the Social Security Act. Plaintiff filed a brief in support of his complaint on March 28, 2008, and Defendant filed a brief on April 28, 2008. The parties consented to having the United States Magistrate Judge conduct all further proceedings in this case on September 19, 2007 (Doc. 12), and November 14, 2007 (Doc.19). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be reversed and this case should be remanded for further administrative proceedings.

## I. STATEMENT OF THE CASE

Plaintiff filed applications for disability insurance benefits on November 15, 2003, and for supplemental security income benefits on November 8, 2004, alleging disability beginning January 30, 2003. Tr. 14. Plaintiff's applications were denied initially and upon reconsideration. Tr. 14, 31-35, 42-48, 267-71, 273-79. Plaintiff filed a Request for Hearing by Administrative Law Judge on August 5, 2005, and this case came for hearing before the Administrative Law Judge ("ALJ") on June 28, 2006. Tr. 14, 28-29, 286-303. Plaintiff, represented by a non-attorney, testified in his own behalf. Tr. 289-99. Michael Driscoll, a vocational expert ("VE"), appeared and testified as well. Tr. 300-02. The ALJ issued a decision unfavorable to Plaintiff on August 25, 2006. Tr. 11-20.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that: Plaintiff met the disability insured status requirements through September 30, 2007, and Plaintiff had not engaged in substantial gainful activity at any time since January 30, 2003. Tr. 16. Plaintiff has "severe" impairments, including low back syndrome, cervical spondylosis, and osteoarthritis. *Id.* Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. Tr. 17. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. *Id.*

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning his impairments and their impact on his ability to work were not entirely credible. *Id.*

The ALJ found that Plaintiff could not return to his past relevant work as an oilfield hand or a derrick man. Tr. 19. He noted that Plaintiff has a high school education and was considered a "younger person" on the alleged disability onset date and an "individual closely approaching advanced age" at the time of the ALJ's hearing. 20 C.F.R. §§ 416.963, 416.964; Tr. 19.

The ALJ found that Plaintiff retained the RFC to perform the requirements of light work activity, limited to jobs that do not require stooping, balancing, crouching, or climbing stairs and do not require the use of ramps more than occasionally; that do not require kneeling, crawling, or climbing scaffolds, ladders, or ropes; that do not require sitting without the opportunity to occasionally stand in addition to a lunch and the normal legal breaks during the workday; that do not require standing/walking for more than four hours out of an 8-hour workday; that do not require working above shoulder level with the upper extremities; and that do not require working at unguarded heights or near unguarded hazardous mechanical equipment. Tr. 17. Having found that Plaintiff could not perform the full range of light work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite her severe impairments. Tr. 19-20. He relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in the national economy, including the job of small products assembler II, with 193,000 jobs nationally. *Id.*

Plaintiff submitted a Request for Review of Hearing Decision/Order on October 24, 2006. Tr. 8-9. After granting a 25-day extension, the Appeals Council denied Plaintiff's request and issued its opinion on April 3, 2007, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the

ALJ's decision. Tr. 3-5. The ALJ's decision, therefore, became the final decision of the Commissioner.

On August 13, 2007, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States District Court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or supplemental security income, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because he retained the ability to perform work in the national economy. Tr. 19-20.

## III. DISCUSSION

Plaintiff claims that the ALJ's decision is not supported by substantial evidence because the ALJ erred in finding Plaintiff's chronic obstructive pulmonary disease was not severe at step 2 of the sequential evaluation process and because the ALJ failed to give proper weight to opinions of the physicians of record. Plaintiff further alleges that the ALJ erred in making his RFC determination and in finding that Plaintiff can perform other work existing in significant numbers in the national economy. The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

**A.     Whether the ALJ erred at step 2 of the sequential evaluation process in finding that Plaintiff's chronic obstructive pulmonary disease was not severe.**

Plaintiff alleges that the ALJ erred at step 2 of the sequential evaluation process in finding that his chronic obstructive pulmonary disease ("COPD") was not severe because Plaintiff did not quit smoking. Plaintiff notes that the record does not contain information indicating that Plaintiff was instructed to quit smoking by a physician or treatment provider, there was no evidence indicating that Plaintiff's COPD would improve if he stopped smoking, and there was no evidence indicating that Plaintiff tried to quit smoking.

Defendant acknowledges that Plaintiff's argument has "some merit" but argues that the ALJ's basis for finding that his COPD was not severe is harmless because this case proceeded beyond the step 2 determination.

Under the Social Security Regulations, the severity of an impairment or impairments is considered at the second step of the five-step sequential analysis. *See* 20 C.F.R. § 404.1520. A claimant must show that he or she has a severe medical impairment before the claimant can be determined disabled. 20 C.F.R. § 404.1520(a)(4)(ii). The regulations further provide that an impairment must significantly limit the person's ability to do basic work activities in order to be considered severe. 20 C.F.R. § 404.1520(c). Thus,

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, [the Commissioner] will find that you do not have a severe impairment and are, therefore, not disabled.

*Id.*

The Supreme Court held that this "severity regulation" is valid on its face and "is not inconsistent with the statutory definition of disability." *Bowen v. Yuckert,* 482 U.S. 137, 146, 154, 107 S.Ct. 2287, 2293, 2298 (1987).

The Fifth Circuit has considered the severity regulation, both before and after the Supreme Court's decision in *Bowen*. In *Stone* the Court approved of an earlier construction of the severity regulation that set this standard for determining whether a claimant's impairment is severe:

> [A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.

752 F.2d at 1101 (quoting *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984). In *Loza* the Court held that the standard set forth in *Stone* remained the correct standard. 219 F.3d 378 at 392. However, the Commissioner may require a claimant to make a *de minimis* showing that his impairment is severe enough to interfere with his ability to do work under this standard. *Anthony*

*v. Sullivan*, 954 F.2d 289, 293 n.5 (5th Cir. 1992). Thus, to meet the severity threshold in the Fifth Circuit, the claimant need only make a *de minimis* showing that his impairment is severe enough to interfere with his ability to do work.

The Fifth Circuit in *Stone* stated that it would "in the future assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth" as specified in the opinion. 752 F.3d at 1101. "Unless the correct standard is used, the claim must be remanded to the [Commissioner] for reconsideration." *Id.* at 1106.

The ALJ cited to 20 C.F.R. §§ 404.1520(c) and 416.920(c) in noting that:

> [A]n impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or combination of slight abnormalities that would have no more than a minimal effect on an individuals's ability to work.

Tr. 15. The ALJ found that Plaintiff's severe impairments included low back syndrome, cervical spondylosis, and osteoarthritis. Tr. 16. He found that Plaintiff's depression was not a medically determinable impairment (and thus, implicitly, not severe) because the record lacks reference to, or treatment for, depression. *Id*. He found that Plaintiff's pulmonary disease was a "non-severe impairment as he has not taken the basic step of curbing his smoking in order to bring this impairment under control." *Id*. The ALJ found that Plaintiff could perform a limited range of light work, with limitations including no standing/walking for more than four hours during an 8-hour workday. Tr. 17.

The record demonstrates that S. Daggubati, M.D. examined Plaintiff on May 16, 2005. Tr. 248-49. Dr. Daggubati noted that Plaintiff complained of shortness of breath associated with cough and expectoration, with no history of coughing of blood or loss of weight. *Id*. He indicated Plaintiff's report of smoking one pack of cigarettes per day. *Id.* He noted Plaintiff's report of

increased shortness of breath when exposed to dust and cold weather, which subsides with medication. *Id*. His impression included "mild functional impairment in walking up hills." Tr. 249.

In *Stone* the Fifth Circuit was concerned that too many claimants were being found "not disabled" at an early stage, that is, step 2 of the evaluation process. Step 2 requires the ALJ to determine whether a claimant has any impairments that are "severe." If the ALJ finds that a claimant does not have any "severe" impairments at step 2, the evaluation process ends without proceeding to steps 3-5 and the claimant is determined to be "not disabled." The Fifth Circuit in *Stone* explained the reason for the standard that it had established:

> The prevailing idea, then, among the courts and Congress, is that some impairments are so slight that the ability of the claimant to work can be decided without a full evaluation of vocational factors. The factfinder is entitled to follow a sequential process that disposes of those cases at that early stage. But it is impermissible to make that disposition on the basis of a standard of severity that denies disability benefits to claimants who are in fact unable to perform substantial gainful activity.

752 F.2d at 1102-03.

Due to its concern and recent experience regarding cases that had been disposed of on the basis of nonseverity (i.e., at step 2), the Fifth Circuit gave notice of how it would thereafter determine whether the proper standard was applied and the sanction for noncompliance.

> In view of both the [Commissioner's] position in this case and our recent experience with cases where the disposition has been on the basis of nonseverity, we will in the future assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c)(1984) is used. Unless the correct standard is used, the claim must be remanded to the [Commissioner] for reconsideration.

752 F.2d at 1106.

*Stone* appears to require remand in any case in which the ALJ fails to properly reference the *Stone* standard. The court's subsequent rulings, however, have clarified the holding to require remand only when the ALJ failed to reference the *Stone* standard and the case was adjudicated at

step 2 of the sequential evaluation process. *See Chaparro v. Bowen,* 815 F.2d 1008, 1011 (5th Cir. 1987); *Jones v. Bowen,* 829 F.2d 524 (5th Cir. 1987); *Lopez v. Bowen,* 806 F.2d 632 (5th Cir. 1986).

The claimant argued in *Chaparro* that the Commissioner was presumed to have applied the incorrect standard because no reference was made to *Stone*. The issue was waived because it was not raised before the district court. The Court stated that, in any event, the "case did not turn on whether or not Chaparro's impairment was severe, but on whether Chaparro could return to his past relevant work – an inquiry unaffected by the test set forth in *Stone*." *Chaparro*, 815 F.2d at 1011. Thus *Chaparro* recognized that "the test set forth in *Stone*" does not apply to a case decided on whether a claimant could return to his past relevant work, a matter determined at step 4. The claimant's argument was considered irrelevant to the disposition of his case which advanced to step 4 for determination. Although the statement of the Fifth Circuit in *Chaparro* is a dictum, it is instructive in this case.

In *Jones* the claimant argued that the court failed to apply the correct legal standard in determining the severity of his impairments as required in *Stone*. 829 F.2d at 527 n.1. He argued that his hypertension was characterized as "mild" which resulted in the denial of benefits. *Id.* The Court held that there was no error similar to that found in *Stone* "where the claimant's request for benefits was prematurely denied based on an improper determination of "non-severity." *Id.* Thus the Court recognized that the *Stone* standard was based upon, and applicable only to, "premature" denials of disability which are based on improper determinations of "non-severity." That occurs only at step 2.

The claimant in *Lopez* cited *Stone* in support of his argument that the ALJ erred in the determination of the severity of his impairments. 806 F.2d at 634 n.1. The Court held that *Stone* did not apply because the ALJ did find that the claimant had severe impairments. *Id.* Claimants

-9-

found to have severe impairments advance beyond step 2 in the evaluation process. Thus the Court held that the *Stone* standard does not apply to cases that advance beyond step 2.

In more recent cases, the Fifth Circuit has found no merit to claimants' arguments of ALJ error arising out of the failure to correctly apply or state the *Stone* standard where the sequential evaluation process proceeds past step 2. *See Robinson v. Barnhart*, 183 Fed. Appx. 451, 2006 U.S. App. LEXIS 13680, *10 (5th Cir. June 2, 2006) (unpublished decision); *Reyes v. Sullivan*, 915 F.2d 151, 154 n.1 (5th Cir. 1990).

However, this line of cases does not end our inquiry in the instant case. The possible error at issue is a severity determination at step 2 premised upon the ALJ's belief that the claimant did not take steps to deal with his impairment by quitting smoking. Clearly, a claimant's failure to follow prescribed treatment may be considered in making a credibility determination. *See* Soc. Sec. Ruling 96-7p (July 2, 1996) ("SSR 96-7p"); *see also, Villa v. Bowen,* 894 F.2d 1019, 1024 (5th Cir. 1990). A financial inability to obtain or comply with treatment should also be considered. *See Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1997).

In this case the ALJ found that Plaintiff's COPD was not severe and in so doing did not enunciate that this impairment was "a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience"; rather, he found the impairment not severe because Plaintiff did not quit smoking. *See* Stone, 752 F.2d at 1101 (quoting *Brady,* 724 F.2d at 920). Dr. Daggubati opined in this case that Plaintiff's limitations included a mild limitation on walking up hills and chronic COPD "due to smoking with functional impairment in walking up hills." Tr. 249. The record contains very little information about Plaintiff's COPD and does not contain evidence suggesting that Plaintiff was instructed to stop smoking, that stopping smoking would reduce or eliminate either his COPD or any limitations imposed by his COPD, or that Plaintiff ceased smoking

during the relevant time period. Neither the RFC finding nor the hypothetical questions posed to the VE addressed Plaintiff's ability to walk up hills. The ALJ found that Plaintiff retained the RFC to stand/walk for more than four hours during an 8-hour workday.

> The regulations further provide:
>
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 CFR § 404.1567(a).

As Plaintiff correctly notes, the ALJ ultimately found that Plaintiff's COPD was not "severe." While this case proceeded to step 4, the ALJ's consideration of Plaintiff's COPD ended at step 2 with the severity determination. The ALJ did not thus incorporate any limitations into the RFC determination to reflect Plaintiff's COPD impairment. If the ALJ had properly evaluated Plaintiff's COPD at step 2 in making his severity finding, he may have incorporated limitations into the RFC finding to reflect a limitation on walking up hills or he might have elicited testimony from the VE as to whether a mild limitation on walking up hills would have affected the jobs identified at step 5. The appropriate question is whether the alleged error at step 2 in this case was prejudicial.

A harmless error analysis applies to administrative failure to comply with a regulation. *See Frank v. Barnhart,* 326 F.3d 618 622 (5th Cir. 2003). Violation of a social security ruling merits remand only when a claimant affirmatively demonstrates prejudice. *Hall v. Schweiker,* 660 F.2d 116, 119 (5th Cir. [Unit A] 1981). The two concepts are closely related. Prejudice is established by showing that additional evidence could have been produced and "that the additional evidence might have led to a different decision." *Newton,* 209 F.3d at 458. An error is harmless unless there

is reason to think that a remand might lead to a different result. *Fisher v. Bowen,* 869 F.2d 1055, 1057 (7th Cir. 1989). As such, improprieties noted by Plaintiff will constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision. *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

Despite the scant evidence in the record regarding Plaintiff's COPD, the ALJ's error in making the severity determination is prejudicial in this case because the limitations which Plaintiff alleges were imposed by this impairment could have affected the RFC finding at step 3 and the identification of jobs at step 5 of the sequential evaluation process. Because of this error at step 2, both the RFC determination and the step 5 finding that Plaintiff can perform other work which exists in significant numbers in the national economy are suspect. The impropriety noted at step 2 casts into doubt the existence of substantial evidence to support the ALJ's decision. Thus, remand in this case is required.

The court finds that the ALJ's decision is not supported by substantial evidence in the record and that the error made by the ALJ in making his severity determination is prejudicial because this error casts into doubt both the RFC and the finding at step 5 that Plaintiff retains the RFC to perform other work which exists in significant numbers in the national economy. Upon remand, the ALJ should further consider whether Plaintiff's COPD is severe under the appropriate standard, what limitations, if any, are imposed by such impairment, and whether Plaintiff can perform other work which exists in significant numbers in the national economy.

Having found that the error at step 2 is prejudicial, this court does not reach the errors alleged by Plaintiff at step 3 and step 5 of the sequential evaluation process.

## IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision should be reversed and that this case should be remanded for further proceedings.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner denying Plaintiff's applications for a period of disability and disability insurance benefits and for supplemental security benefits is **REVERSED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED**. Upon remand the ALJ should further consider whether Plaintiff's COPD is severe under the appropriate standard, what limitations, if any, are imposed by such impairment, and whether Plaintiff can perform other work which exists in significant numbers in the national economy.

A judgment in accordance with this decision shall be entered.

**SO ORDERED.**

DATED this 26th day of September,

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**